IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LYUBOV A. KOZAREZ,                           09-CV-313-BR

        Plaintiff,

                                        OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

RICHARD A. SLY
1001 S.W. Fifth Avenue, Suite 1901
Portland, Oregon 97204
(503) 224-0436

LINDA S. ZISKIN
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-5776

        Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


**DAVID MORADO**
Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2495

          Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Lyubov Kozarez seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Kozarez's protective application for Supplemental Security Income (SSI).

     This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Kozarez filed her application for SSI on May 25, 2004. Tr. 62.[1] Her application was denied initially and on reconsideration. Tr. 45-46. An Administrative Law Judge (ALJ) held an initial hearing on May 15, 2007. Tr. 419-43. At the hearing, Kozarez was represented by an attorney. Tr. 419-22. Kozarez, lay witness Gere Kozarez, and a vocational expert (VE) testified at the hearing. Tr. 419-43.

The ALJ issued a decision on July 27, 2007, in which she found Kozarez is not disabled and, therefore, is not entitled to benefits. Tr. 19-33. That decision became the final decision of the Commissioner on February 27, 2009, when the Appeals Council denied Kozarez's request for review. Tr. 6-9.

## BACKGROUND

Kozarez was 54 years old at the time of the hearing before the ALJ. Tr. 426. Kozarez completed her education in Russia through the eighth grade. Tr. 426. She has worked as a housekeeper and a sewing-machine operator. Tr. 94-95, 107, 161. Kozarez alleges a disability onset date of February 13, 2004. Tr. 135.

---

[1] Citations to the official transcript of record filed by the Commissioner on August 25, 2009, are referred to as "Tr."

3 - OPINION AND ORDER

Kozarez has been diagnosed with allergies to chemicals, fumes, and dust; asthma with chronic cough; mild allergic conjunctivitis; arthritis; anxiety disorder with depression; and insomnia with possible sleep apnea. Tr. 270, 278, 349, 372.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 24-31.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.*

4 - OPINION AND ORDER

*Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially

dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  A

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations

at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Kozarez has not engaged in substantial gainful activity "since May 25, 2004, the application date."  Tr. 21.

At Step Two, the ALJ found Kozarez has the severe impairment of asthma.  Tr. 21.  The ALJ found Kozarez's gastroesophageal reflux, headaches, left-sided numbness, dry eye/conjunctivitis, carpal tunnel, rectal fissure, constipation, depression, and Bell's palsy are "medically determinable yet non-severe issues" that do not result in "more than minimal functional limitations on [Kozarez's] ability to perform basic work activities."  Tr. 21.  The ALJ found Kozarez did not have an impairment or combination of impairments that meet a listing in 20 C.F.R. part 404, subpart P, appendix 1.

At Step Three, the ALJ found Kozarez "has the residual functional capacity to perform medium work."  Tr. 22.  Specifically, the ALJ found Kozarez

> can read and write in Russian.  She can speak
> limited words in English.  She can lift a
> maximum of 50 pounds and can lift 25 pounds
> frequently, which is up to 2/3 of the work
> day.  She can sit for eight hours in an eight
> hour work day for at least one hour at a

8 - OPINION AND ORDER

>       time.  She can stand and walk for eight hours
>       in an eight hour work day for at least one
>       hour at a time.  She has no postural limits.
>       She needs to avoid concentrated exposure to
>       dusts, gases, chemicals, fumes, heat, and
>       cold.

Tr. 22.  Nevertheless, the Court notes the ALJ ultimately concluded Kozarez's ability to perform "a full range of medium work" is "impeded by additional limitations."  Tr. 32.

At Step Four, the ALJ found Kozarez has not performed any past relevant work and, therefore, does not have any transferrable skills.  Tr. 32.

At Step Five, although the ALJ found Kozarez can communicate "somewhat" in English, the ALJ found Kozarez was, in fact, illiterate in English.  Tr. 32.  The ALJ concluded Kozarez is capable of performing other unskilled jobs that exist in significant numbers in the national economy such as deli worker (light, unskilled), parking-lot attendant (light, unskilled), hand packager (medium, unskilled), machine packager (medium, unskilled), and kitchen helper (medium, unskilled).  Tr. 32-33.  Accordingly, the ALJ found Kozarez is not disabled and, therefore, is not entitled to benefits.  Tr. 33.

## **DISCUSSION**

Kozarez contends the ALJ erred by failing (1) to find at Step Five that Kozarez is disabled in accordance with the Medical-Vocational Guidelines; (2) to give clear and convincing

9 - OPINION AND ORDER

reasons for discrediting Kozarez's statements about the intensity, persistence, and limiting effects of her symptoms; (3) to properly discredit the testimony of lay witness Gene Kozarez; and (4) to find at Step Two that Kozarez's psychological impairments and degenerative joint disease are severe impairments.

**I.    Medical-Vocational Guidelines.**

Kozarez contends the ALJ erred by failing to find Kozarez is disabled in accordance with the Medical-Vocational Guidelines (Grids) found at 20 C.F.R. part 404, subpart P, appendix 2. Kozarez contends Sections 202 and 203 of the Grids establish that she is disabled.

The ALJ made the following findings, *inter alia*, that bear on her conclusion at Step Five that Kozarez is capable of performing other jobs that exist in significant numbers in the national economy:  (1) Kozarez has not performed any past relevant work; (2) Kozarez was 51 when she applied for SSI (the record reflects she was roughly 3 ½ months from turning 55 years of age when the ALJ issued her decision); (3) Kozarez was educated in Russia through the eighth grade and also received some vocational training in sewing; (4) although Kozarez can communicate somewhat in English, she is illiterate in English; (5) "transferability of skills is not an issue" because Kozarez has not performed any past relevant work; (6) Kozarez's ability

to perform "a full range of medium work" is "impeded by additional limitations"; and (7) Kozarez is capable of performing only unskilled occupations in the light-to-medium-exertional ranges. Tr. 30, 32-33.

### A. Sections 202.00(d) and 202.09 of the Grids.

Social Security Regulations provide:

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled.

20 C.F.R. pt. 404, subpt. P, appx. 2 § 200.00(a).

Section 202 of the Grids applies to claimants whose exertional level is limited to "light work." Here, as noted, although the ALJ found Kozarez capable of two medium exertional jobs, the ALJ concluded generally Kozarez's impairments prevent her from performing "all or substantially all" of the requirements of medium exertional work. Tr. 32. Despite this conclusion, the ALJ only considered application of § 203 of the Grids, which applies to claimants who can perform medium-exertion work. Tr. 32. Social Security Regulations, however, provide a claimant must be able to perform "substantially all" of the exertional demands of a particular level of exertion to be considered capable of performing a full range of such work. SSR 83-11, at *2 ("The RFC is defined by criteria that establish an

11- OPINION AND ORDER

exertional capability for a full range (all or substantially all) of the work existing at the level of exertion in question (sedentary, light, or medium."). The Court, therefore, applies Section 202 of the Medical-Vocational Guidelines, which is pertinent to claimants like Kozarez who can perform substantially all of the exertional demands of light but not medium work. *Id. See* 20 C.F.R. pt. 404, subpt. P, appx. 2 § 202.00.

Sections 202.00(c) and (d) provide:

> (c) . . . . for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.
>
> (d) Where the same factors in paragraph (c) of this section regarding education and work experience are present, but where age, though not advanced, is a factor which significantly limits vocational adaptability (i.e., closely approaching advanced age, 50-54) and an individual's vocational scope is further significantly limited by illiteracy or inability to communicate in English, a finding of disabled is warranted.

On this record, as noted, the highest level of work the ALJ concluded Kozarez can fully and substantially perform is light-

12- OPINION AND ORDER

exertional work.  Tr. 32.  Moreover, the ALJ concluded Kozarez is "closely approaching advanced age" (50-54); has less than a high-school education and has not had any education in the United States other than limited English-as-a-second-language training; has not performed any past relevant work and, therefore, does not have any transferrable skills; and is illiterate.  Tr. 30, 32, 427.  Thus, in accordance with §§ 202.00(d) and 202.09, a finding is warranted that Kozarez is disabled.  The Court, therefore, finds the ALJ erred when she failed to apply Section 202 of the Grids to Kozarez.

      **B.    Sections 202.01 and 203.10 of the Grids.**

Kozarez also contends she should be considered as having attained "advanced age" under the Social Security Regulations because she was approximately 3 ½ months from turning 55 at the time the ALJ issued her decision.  Kozarez contends she would have been deemed disabled under either Section 202 or 203 of the Grids if she were considered to be of "advanced age."

Social Security Regulations acknowledge age has an increasingly adverse affect on a claimant's vocational status and, accordingly, require consideration of a claimant's age.  SSR 83-10, at *9.  The categories in the Social Security Regulations in which age is an "adverse vocational factor" are "closely approaching advanced age" (50-54) and "advanced age" (55 or older).  SSR 83-10, at *9.  When considering "borderline" cases

13- OPINION AND ORDER

in which a claimant's age is close to the next age category, the Social Security Regulations provide:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or a decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 416.963(b). *See also* SSR 83-10, at *8. Here the ALJ did not indicate whether she considered Kozarez to be a borderline case. In fact, the ALJ stated in her decision that Kozarez was 51 at the time "the application was filed" rather than noting Kozarez was almost 55 at the time of the hearing and the ALJ's decision. Tr. 32.

The first inquiry then is whether Kozarez's age constitutes a borderline case because she was within "a few months" of turning 55. Here Kozarez was three months and 17 days from turning 55 on the date of the ALJ's decision, which is the point from which the Court considers whether a claimant is of borderline age. *See Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988). The Ninth Circuit has not addressed an exact, analogous set of facts, but it has held a claimant who is seven months from the next age category does not present a borderline case. *Id*. (reasoning such a claimant is closer to her prior birthday than to the upcoming one). In its discussion of *Russell* and the

14- OPINION AND ORDER

regulations concerning borderline cases, however, the Central District of California recently concluded a claimant who was three months and 14 days from turning 50 was a borderline case and concluded it was reversible error for the ALJ to fail to expressly consider whether to place the claimant in the higher age category. *Aguilar v. Astrue*, No. 09-6015 AJW, 2010 WL 1999560, at *1-*5 (May 11, 2010, C.D. Cal.). The Court agrees with the reasoning in *Aguilar* and, accordingly, concludes Kozarez was a borderline case as of the date of the ALJ's decision because she was "within a few months" of turning 55.

The Court also must consider whether Kozarez would be considered disabled in the higher age category. Indeed, whether Kozarez was capable of light- or medium-exertion work, she would be considered disabled under Sections 202 and 203 of the Grids. *See* 20 C.F.R. part 404, subpart P, appx. 2, §§ 202.01 (claimant of advanced age with less than a high-school education and unskilled or no previous work experience is disabled) and 203.10 (claimant of advanced age with less than a high-school education and no previous work experience is disabled).

On this record, therefore, the Court concludes Kozarez was a "borderline case" in terms of age at the time the ALJ issued her opinion, and application of the higher age category would have demanded a conclusion that Kozarez is disabled. *See* 20 C.F.R. § 416.963(b). Thus, the Court finds the ALJ erred when she

15- OPINION AND ORDER

failed to consider expressly whether Kozarez's borderline age warranted Kozarez's classification as "advanced age" rather than "mechanically" classifying Kozarez as "closely approaching advanced age."  *See* 20 C.F.R. § 416.963(b).  *See also* SSR 83-10, at *8.

In light of the Court's conclusion that the ALJ erred at Step Five when she failed to properly apply the Medical-Vocational Guidelines, the Court need not address Kozarez's remaining arguments.

## **REMAND**

Having found the ALJ erred at Step Five in concluding Kozarez is not disabled, the Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172,

16- OPINION AND ORDER

1178 (9th Cir. 2000). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the record and, in fact, the ALJ's actual findings, establish Kozarez is disabled because she is "closely approaching advanced age," is illiterate, does not have any past relevant work experience, and is only fully capable of light work. *See* 20 C.F.R. pt. 404, subpt. P, appx. 2 §§ 202.00(d), 202.09. Moreover, considering Kozarez as being of "advanced age" because her age presents a "borderline case," the Court finds she is disabled under the Grids whether she is capable of light- or medium-exertion work. *See* 20 C.F.R. pt. 404, subpt. P, appx. 2 §§ 202.01, 203.10. Thus, further development of this record is unnecessary, and a remand for further proceedings would not serve any useful purpose.

## **CONCLUSION**

17- OPINION AND ORDER

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 27th day of May, 2010.

/s/ Anna J. Brown

　　　　　　　　　　　　　　　　　　　　　　　
ANNA J. BROWN
United States District

18- OPINION AND ORDER